**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ANTONIO SCALES**                                                  **PLAINTIFF**

                                                                **NO. 1:19CV0079-JMV**

**NANCY BERRYHILL,**
*ACTING COMMISSIONER OF SOCIAL SECURITY*            **DEFENDANT**

**MEMORANDUM OPINION**

      This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding applications for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

      The Court heard oral argument in this matter during a hearing held on June 30, 2020. During the hearing, Plaintiff's counsel asserted, among other arguments[1], the main argument presented in Plaintiff's brief [20]: "The Administrative Law Judge incorrectly assessed Mr. Scales' residual functional

---

[1] The Court finds Plaintiff's new arguments raised during the hearing without merit. Furthermore, Plaintiff's new evidence Doc. [25], which appears to be dated nearly two years after the ALJ's decision, has not been shown to relate to the relevant period. *See Castillo v. Barnhart,* 325 F.3d 550, 551-552 (5th Cir. 2003) ("New evidence may be grounds for remand if it is material; this materiality inquiry requires determining whether the evidence relates to the time period for which the disability benefits were denied . . . .").

capacity . . . by failing to consider the effect of long-term use of narcotic pain medication." *See* Pl.'s Br. [20] 8. After hearing the positions of both parties, the undersigned explained the Court was concerned that the ALJ's failure to address the claimant's need for a cane might constitute plain error. Consequently, the Court requested that the parties brief whether the ALJ's failure to develop the record with regard to the claimant's need for a cane constituted plain error that warrants reversal and remand of this case.

The Court has now considered the supplemental briefs filed by the parties and is satisfied that reversal of the Commissioner's decision is not warranted.[2] Indeed, to the extent the ALJ committed any error by failing to develop the record with regard to the claimant's need for a cane, Plaintiff has neither shown nor argued any prejudice that requires reversal of the ALJ's decision.[3] Furthermore, because Plaintiff has failed to either point to evidence in the record that he reported side effects of his narcotic pain medications or that he suffered disabling functional limitations as a result of taking any medication, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record.[4] Therefore, the decision of the Commissioner should be affirmed.

---

[2] To the extent Plaintiff attempts to raise new arguments in his supplemental brief regarding his mental limitations, the Court finds they are both untimely and without merit. *See* Pl.'s Br. [27] 1-3.

[3] *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) ("A court will reverse the ALJ's decision as not supported by substantial evidence if the claimant shows that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff.") (citation omitted).

[4] "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings

Signed this 3rd day of September, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994).